Martin, J.
delivered the opinion of the court. The petition stated, that the defendant Potter, as the plaintiff’s agent, sold a negro woman and her two children for $1250, and appropriated the proceeds to his own use, and the defendants Lovells received from said Potter goods of the value of $1250, and in consideration thereof, agreed to pay the said sum to the plaintiff; and being after *366 wards indulged with an extension of the time of payment, promised to pay interest therefor, at ten per cent. Process of attachment was prayed for and obtained.
West'n District.
Sept. 1822.
The attorney, appointed by the court to represent the defendants Lovells, answered, that the attachment had improperly and illegally issued, and the proceedings thereon were not agreeable to law, and the attachment ought to be discharged; that the facts on which the attachment issued, did not exist at the time ; that the person who made oath to these facts, was not and is not the plaintiff’s agent, and they pleaded the general issue.
The defendant Potter alleged, that the attachment was illegally issued ; he denied the allegations in the petition, and pleaded that, if he sold the slaves as the plaintiff’s agent, he did not appropriate the proceeds to his own use, as, by the plaintiff’s own showing, in his petition, he made provision for his payment; that he paid the plaintiff a sum of money, in part payment of the proceeds of the negroes, and is entitled to a commission of ten per cent.
The plaintiff had judgment for $1187 50 with interest from March, 1820. The defendants appealed.
*367 The statement shows, that the plaintiff produced, at the trial, the defendant Potter’s receipt, for a negro man and a negro woman and two children, to be sold for the plaintiff’s account ; Dutillet & Sagory’s receipt, on the back, for the negro man; and letters from Potter to the plaintiff.
In the first, he informs him he has left the man with Sagory, being unable to sell him; that he had disposed of the plaintiff’s woman in New-Orleans, for $1250, which he promised to account for in the spring.
In the second, he mentions the woman and children were disposed of at $1250, payable in goods, which he had sold at costs and charges, to the defendants Lovells, payable in March; that they desired the indulgence of a year’s delay, which he had extended to them, knowing them to be good, they paying interest; that one of them would be down in a fortnight and would give their note to Dutillet & Sagory for the balance due the plaintiff.
Ayles deposed, he was the plaintiff’s agent. Potter told him, he had sold the negro woman and children, of the plaintiff, to Canfield & Hill, for $1250 in merchandise, which he had sold, at costs and charges, to the Lovells, pay *368 able in March, 1820; and one of them assumed to the witness, as the agent of the plaintiff, the payment of the said sum as soon as convenient. He showed to him an entry in the books of the firm, by which they charged themselves with that sum, for the purchase of these goods, payable to the plaintiff—that the Lovells are merchants.
We pass over the objections to the attachment, as they are unsupported by evidence—on the contrary, it is in evidence, that Ayles who made the affidavit, was the plaintiff’s agent.
Admitting that the defendant Potter made himself personally liable to the plaintiff, by selling for goods, by selling these goods, and by extending the period of credit—the plaintiff, by suing for the price of these goods and demanding the interest, stipulated as the consideration of the extension of the period of the credit, has approved and ratified what his agent, the defendant Potter, did. Ratihabitio mandati comparatur. Dig. 46, tit. 3, l. 12, 49, 58; Idem. 50, tit. 17, l. 152, n. 2.
The defendants Lovells have pleaded the general issue, i. e. denied that they did receive the goods from Potter, promising to *369 pay the price of them to the plaintiff, or to pay it with interest, on the day of payment being put off.
Now Ayles proves, that one of the firm assumed the payment of the price of the goods. There is not any evidence of the promise to pay interest, that may charge the Lovells—for neither the letters, nor the declarations of Potter, are legal evidence against them.
They owe only legal interest from the inception of the suit, and the judge erred in allowing it from March, 1820; he also erred in allowing $1187 50 to the plaintiff, while the sum due by the defendants Lovells, is clearly $1250; but as the difference to the prejudice of the plaintiff, in the capital $62 50, is less than the excess of interest allowed to the prejudice of the defendants, from March 20, 1820, to January, 1821, the date of the inception of the suit, we would, by rectifying these errors, amend in favour of the plaintiff a judgment of which he does not complain.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, so far as it relates to the defendant Potter, be annulled, avoided and reversed; and that there be judgment in his favour, with costs of *370 suit in both courts—and that, as far as it regards the defendants Lovells, it be affirmed, with costs in both courts.
Bullard for the plaintiff, Thomas for the defendants.