Eas'n. District.
*Feb.* 1825.

CANONGE
*vs.*
LOUISIANA
STATE BANK.

*The bank cannot contest the right of the person who lodged a note with them, to it.*

*The bank may be sued for neglect, in protesting the note and giving notice, before the holder proceeds against his endorser.*

## CANONGE vs. LOUISIANA STATE BANK.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is an action by the endorsee of a negotiable note against the bank, and its agent, the notary, who protested it for non-payment; by the maker. The petition charges the defendants as liable to pay to the plaintiff damages, in consequence of their negligence, to give notice to the endorsers of the demand, and refusal, made on the maker. He obtained judgment in the court below for the amount of the note, with interest and costs, from which the defendants appealed.

The record contains several bills of exceptions which must be disposed of before the merits of the case can be examined. The first is, to an opinion of the judge *a quo*, by which he struck out an interrogatory, put by the deendants to the plaintiff, in relation to his title, and interest in the note which they undertook to collect for him. In the opinion of the judge by which this interrogatory was allowed, no reason is given in support of its correctness. The answer to the petition puts the matter di-

East'n. District.
Feb. 1825.

CANONGE
vs.
LOUISIANA
STATE BANK.

rectly in issue, and if it was correct and proper under all the circumstances of the case so to do, it would be difficult to discover the impertinency of the question. But we do not believe that it is competent for the defendants to dispute the plaintiff's right to recover on the note. They received it from him as proprietor, and undertook to collect the amount therein specified from the persons liable to pay, for this benefit, and ought not now to be allowed to exonerate themselves from any burthen which they may have incurred by a negligent and unfaithful execution of their undertaking, by alledging want of authority in their employer. But on general principles they have a right to set up such a defence according to a case lately decided in this court. See *Banks* vs. *Astor.*

The second exception is to the admissibility of the record of a suit against Cauchoix, one of the endorsers, who succeeded in avoiding payment on the ground of want of due notice of protest against the maker of the note. This is precisely such evidence as was received in the case of *Montullet* vs. *the Bank of the United States*, reported in 10 *Martin*, 365. But in that case, no exception was made to its admissibility. If the plaintiff was bound to shew that

East'n. District.
*Feb.* 1825.

CANONGE
*vs.*
LOUISIANA
STATE BANK.

notice was not duly given to the endorser, the record of the suit against him is not good evidence to establish the fact of negligence; yet it was properly admitted to prove, that the plaintiff in that suit failed to recover his debt. See 9 *Martin*, 379.

Receiving it for this purpose, does not preclude the defendants from shewing proper diligence, and such as ought to relieve them from responsibility in the present action, if it were in their power to produce legal evidence to that effect; for the decision in the former suit, is not conclusive on them.

There are two other bills of exceptions: 1st. to the refusal of the judge below to allow the defendants to introduce testimony to prove the solvency of several of the endorsers on the note, and due notice to them of protest, &c. 2d. To his refusal to admit evidence to prove, that the reason of the delay in notifying Cauchoix, the other endorser, was owing to his having recently left the town, and that he could not be found, nor his new domicil be discovered by the notary.

In relation to the first of these exceptions, we are of opinion that the judge *a quo* did not err. The plaintiff was not bound to pursue

all the endorsers before resorting to the bank East'n. District.
*Feb.* 1825,
CANONGE
*vs.*
LOUISIANA
STATE BANK. on a claim of damages, for their negligence in losing to him his remedy against any or either of them. See the case in *Martin*, above cited.

The suit, by the present plaintiff, against Cauchoix, as it relates to these defendants, is clearly *res inter alios acta*, and has not the force of a thing adjudged; therefore it ought not to preclude them from shewing as a defence to this action, that reasonable diligence was used on their part to give due notice to the endorser, on whose account they are charged with negligence. The absconding or absence of a drawer or endorser of a bill of exchange, may excuse neglect to advise him. See *Chitty on Ex.* of 1821, *p.* 275.

The facts, offered to be proven by the defendants, are the absence of the endorser, & impossibility to discover his new domicil; and if it be true, that neither the person or domicil could be found by reasonable diligence, previous to the time at which notice was given, these circumstances would, perhaps, excuse the alleged negligence of the appellants. We are of opinion, that testimony to establish this excuse ought to have been admitted.

It is therefore ordered, adjudged and de-

CANONGE
*vs.*
LOUISIANA
STATE BANK.

creed, that the judgment of the district court be avoided, reversed and annulled—and it is further ordered, that the cause be remanded to the court below, to be tried *de novo*, with instructions to said court to admit legal testimony to prove reasonable diligence on the part of the defendants, in endeavoring to give notice to the endorser, Chauchoix, and that the appellant pay the costs of this appeal.

*Mercier* for the plaintiff, *Seghers* for the defendants.